JUDGE SELECT A DISTRICT JUDGE
MAGISTRATE JUDGE MCSHAIN

AO 91 (Rev. 11/11) Criminal Complaint

AUSA Prashant Kolluri (312) 886-9085

FILED
12/21/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

BRANDON JOHNSON

CASE NUMBER: 20CR926

UNDER SEAL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about January 25, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, defendant did knowingly possess, in and affecting interstate commerce, a firearm, namely, a loaded RG Industries Model RG-31, .38 special caliber revolver bearing serial number 024150, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

_____
KEVIN O. BIESTY
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: December 21, 2020

_____
Judge's signature

City and state: Chicago, Illinois

HEATHER K. McSHAIN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, KEVIN O. BIESTY, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), and have been so employed for approximately 20 years. My current responsibilities include the investigation of federal firearms offenses, including the unlawful possession of firearms and ammunition by convicted felons.

2. This affidavit is submitted in support of a criminal complaint alleging that BRANDON JOHNSON violated Title 18, United States Code, Section 922(g)(1).

3. The facts set forth in this affidavit are based on my personal knowledge, my training and experience, my review of law enforcement reports, and information provided to me by other law enforcement personnel.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging JOHNSON with unlawful possession of a firearm by a felon, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that JOHNSON committed the offense alleged in the complaint.

I.      FACTS SUPPORTING PROBABLE CAUSE

     A.      **Individual A Called 911 to Report that JOHNSON Threatened Individual A with a Gun.**

5.      According to Chicago Police Department ("CPD") records and an audio recording of a 911 call, on or about January 25, 2020, at approximately 5:15 p.m., Individual A called 911 to report that her sister's boyfriend was drunk, had a gun, and threatened Individual A with the gun. During the call, Individual A also said that her sister's boyfriend was at her sister's residence, which was located on Jackson Boulevard in Chicago, Illinois ("Residence A"); that there were approximately 5-6 children in Residence A; and that Individual A was waiting outside Residence A for the police.

6.      According to a CPD report, CPD officers arrived near Residence A at approximately 5:25 p.m. and met Individual A at Individual A's residence ("Residence B"), which was located near Residence A. According to a CPD report, Individual A told CPD officers that JOHNSON had a gun and threatened Individual A with the gun during an argument they had at Residence A. According to a CPD report, Individual A gave the officers a description of what JOHNSON was wearing.

     B.      **JOHNSON Unlawfully Possessed a Firearm.**

7.      According to a CPD report and the body-worn camera footage of the responding officers (the "BWC footage"), after speaking with Individual A, CPD officers went to Residence A. Individual B, who was Individual A's sister, answered the door and let the officers into Residence A. According to the BWC footage, Individual B told the officers that there were other individuals inside Residence A,

including a "friend." When one of the officers asked if the officers could talk to that friend, Individual B said that the officers could talk to her friend.

8. According to the BWC footage, officers encountered JOHNSON, who matched the description that Individual A provided, and another individual ("Individual C") in a rear room on the ground floor of Residence A. According to the BWC footage, officers encountered several children on the second floor of Residence A.

9. According to the BWC footage, shortly after the officers encountered JOHNSON, one of the responding officers ("Officer A") patted down JOHNSON around JOHNSON's waist, and the officers had JOHNSON stand near a corner of the rear room. JOHNSON told officers that he was drunk and high (on marijuana) and had an argument with Individual A earlier in the day. When one of the officers asked JOHNSON if he had a firearm, JOHNSON said "No." Following that conversation, JOHNSON was handcuffed by officers.

10. Meanwhile, according to the BWC footage, other officers conducted additional interviews:

    a. Officers interviewed Individual B and Individual C. Individual B and Individual C both said that they did not witness any argument between JOHNSON and Individual A. Individual C also told the officers that Individual C did not see a gun.

    b. Officer A and another responding officer went to Residence B to talk to Individual A. Individual A told Officer A and the other officer among other

3

things that: (1) Individual A went to Residence A to tell JOHNSON to leave because JOHNSON was drunk and scaring the children in Residence A; (2) Individual A and JOHNSON got into an argument, and JOHNSON pulled the gun out and said he would "shoot" Individual A; and (3) Individual A backed away, left Residence A, and called 911.

11. Meanwhile, according to the BWC footage and one of the officers in the rear room of Residence A ("Officer B"), Officer B patted down JOHNSON beginning with JOHNSON's left leg and moving down near JOHNSON's left ankle, at which point a loaded revolver fell out of JOHNSON's left pant leg. According to the BWC footage and Officer B, Officer B immediately seized the revolver. According to a CPD report, the firearm that fell out of JOHNSON's left pant leg was a loaded RG-31, .38 caliber revolver bearing serial number 024450.[1]

12. According to the BWC footage and a CPD report, during a custodial search of JOHNSON, officers recovered: (a) $221 in cash; and (b) approximately 18 plastic baggies and one larger plastic bag, all containing suspect narcotics. According to a report of examination by the Illinois State Police laboratory, the bags contained a total of approximately 41.2 grams of marijuana.

### C. JOHNSON Has Prior Felony Convictions.

13. According to law enforcement criminal databases, JOHNSON has prior felony convictions in the Circuit Court of Cook County, Illinois, including the

---

[1] Initial CPD reports listed an incorrect serial number on the revolver. According to a subsequent CPD firearms report as well as my own examination of the revolver, the serial number on the revolver is 024150.

4

following: (a) on or about April 11, 2013, JOHNSON was convicted of armed robbery and sentenced to ten years' imprisonment; (b) on or about October 22, 2010, JOHNSON was convicted of criminal damage to government property and sentenced to one year of imprisonment; and (c) on or about May 20, 2008, JOHNSON was convicted of manufacture/delivery of marijuana and sentenced to 18 months' probation.

14. According to a Project Safe Neighborhoods notification letter, on or about September 14, 2017, JOHNSON was advised that he could not lawfully possess a firearm because he was a convicted felon. According to the PSN notification letter, a copy of the letter was provided to JOHNSON, but JOHNSON refused to sign the letter so a witness signed it.

### D. The Firearm JOHNSON Unlawfully Possessed Traveled in Interstate Commerce.

15. I am a certified interstate nexus expert for firearms and ammunition, and I have been qualified to offer opinion and testimony in federal court regarding the interstate nexus of firearms.

16. On or about March 3, 2020, I physically examined the RG Industries Model RG-31, .38 special caliber revolver bearing serial number 024150, that Chicago police recovered from JOHNSON on or about January 25, 2020. Based on that physical examination, I determined that the revolver was manufactured in the State of Florida.

17. Accordingly, the revolver must have traveled in interstate commerce prior to JOHNSON's possession of the firearm in Illinois.

5

## II. CONCLUSION

18. For all of the reasons described above, I respectfully submit that there is probable cause to believe that JOHNSON, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a RG Industries Model RG-31, .38 special caliber revolver bearing serial number 024150, which firearm traveled in interstate commerce prior to JOHNSON's possession of it, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER AFFIANT SAYETH NOT.

KEVIN O. BIESTY
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone on December 21, 2020.

Honorable HEATHER K. McSHAIN
United States Magistrate Judge

6